McKee v. Mitchell et al.

[68 South. 468.]

SALES. *Condition sales. Necessity of recording.*

Where a claimant sold two mules in 1909 to his tenant and retained title until the price should be paid and such conditional sale was never acknowledged or recorded and the property remained continuously in the tenant's undisputed possession until 1913, and soon after the conditional sale the tenant mortgaged the mules by a deed of trust, which was acknowledged and recorded and the debt so secured not having been paid, the trustee advertised the mules for sale, and brought replevin for possession, in which suit the claimant set up his claim of title. Under such circumstances the facts brought the case within section 4777, Code 1906, which provides that, on the loan of goods and chattels to any person with whom possession remains for three years without demand made, or where any reservation shall have been made of property by way of condition or otherwise in chattels, the possession whereof shall have remained in another for such time, it shall be taken as fraudulent as to creditors and purchasers, and that the absolute property is with the possession, unless such loan or limitation is declared by writing acknowledged and filed for record.

APPEAL from the circuit court of Coahoma county. HON. W. A HENRY, Judge.

Replevin by R. P. Mitchell, trustee, against John Scott, in which I. L. McKee filed a claimant's issue. From a judgment for plaintiff, claimant appeals.

On January 18, 1909, I. L. McKee, of aforesaid state, county, and district, sold to one John Scott, of aforesaid state, county, and district, a tenant on his place, two mules, Clara and Queen, taking a note in payment therefor, retaining title to said mules in himself until the purchase price was paid by the said John Scott. This conditional sale was never acknowledged or recorded, the property being allowed to remain continuously in the undisputed possession of the said John

Scott, the said I. L. McKee taking no legal steps to collect the purchase money from the vendee, which has never been paid by the said John Scott, said property still remaining in the possession of said John Scott. On March 1, 1909, the said John Scott mortgaged these same mules and a wagon to one J. D. Robinson, merchant, of Friars Point, Miss., who was not aware of aforesaid claim of said I. L. McKee, for merchandise and a general supply account, amounting to one hundred and sixty-three dollars and eighty cents, giving his note therefor, which said deed of trust was given to secure said note, bearing interest at the rate of ten per cent., and reciting that said John Scott relinquished all rights to the benefit of all laws in force exempting personal property from levy or forced sale on judgment, execution, attachment, or other legal process in the collection of the above debt. Said deed of trust was duly acknowledged and recorded in Chattel Deed Book 6, page 116, in the records on file in the office of the clerk of the chancery court for the first district of Coahoma county, Miss., on March 31, 1909. Said note not having been collected as per authority given mortgagee in said deed of trust, on 28th of February, 1913, R. P. Mitchell was appointed substitute trustee in lieu of F. G. Hightower, who was not able and willing to execute said trust. Said trustee advertised said property, fulfilling all requirements of the statutes of this state in so doing, for sale on March 12, 1913. Said trustee then made demand for said property of John Scott, and was refused, whereupon he sued out a writ of replevin therefor, whereupon the said John Scott placed a bond and retained possession of said property. Upon the hearing before F. L. Puckett, a justice of the peace in and for Second justice of peace district, judgment for one hundred and sixty-three dollars and eighty cents with interest at the rate of ten per cent., amounting to two hundred and thirty-nine dollars and eighty cents,

with property, was rendered in favor of said R. P. Mitchell, trustee; whereupon I. L. McKee, claimant, filed affidavit and bond, claiming title to said property as vendor. Upon trial of claimant's issue before aforesaid justice of the peace between the said I. L. McKee and R. P. Mitchell, trustee, judgment was rendered for said claimant, I. L. McKee, from which judgment the said R. P. Mitchell, trustee, takes this appeal.

Upon trial in the circuit court judgment was rendered in favor of R. P. Mitchell, trustee, and the claimant, I. L. McKee, prosecutes this appeal.

*W. T. Heslep,* for appellant.

A vendee of personal property, where the title is expressly retained in the vendor until the purchase price is paid, cannot transfer the title to the property to a third person until the purchase price is paid the original vendor. The purchaser of the original vendee receives no title, as the title never vested in his vendor. The courts in a long line of decisions have declared this to be the law. *Pecan Lake Mill Co.* v. *American Cooperage Co.,* 15 So. 580; *Herring, Hall, Marvin Co.* v. *Moore,* 17 So. 385; *Williams* v. *Williams,* 23 So. 291; *Watts* v. *Ainsworth,* 42 So. 672; *Fairbanks Co.* v. *Graves,* 43 So. 675; *Cleary* v. *Morson,* 48 So. 817; *Kerl* v. *Smith,* 51 So. 3.

A sale of goods on condition that the property therein shall remain in the seller until the price is paid, in the absence of fraud, is valid against third persons claiming under the buyer as subsequent purchasers, mortgagees and pledgees, purchasers at a judicial sale, or as creditors. The right of the seller will prevail even against one occupying the position of *bona fide* purchasers. 35 Cyc. 375.

It appears from the above citations that a vendor can retain the title to personal property when sold to vendee, and that a third party, purchasing from the vendee

receives no better title than was held by the vendee. And that the vendee could hold no title until the purchase price was paid, therefore he could not transfer a good title. In the case at bar it is admitted in the statement of facts set out on pages five and six of this record, that the original vendor had never been paid the purchase price.

It is contended that by provisions of section 4777, Mississippi Code of 1906, the same being a part of the statute of frauds, purchasers of personal property from the vendee whose vendor expressly retained title in the property until the purchase price was paid, received a good title after the vendee had remained in possession for a period of three years, regardless as to whether the purchase price had been paid or not.

Section 4777, Mississippi Code of 1906, is as follows: "And in like manner, where any loan of goods and chattels shall be pretended to have been made to any person with whom, or those claiming under him, possession shall have remained for the space of three years without demand made and pursued by due course of law on the part of the pretended lender, or where any reservation or limitation shall be pretended to have been made of a use or property by way of condition, rescission, remainder, or otherwise in goods and chattels, the possession whereof shall have so remained in another for said time, the same shall be taken as to creditors and purchasers of the person so remaining in possession, to be fraudulent within this statute, and that the absolute property is with the possession; unless such loan, reservation or limitation of use or property were declared by will or by writing, proved or acknowledged, and filed for record."

In the case at bar, as will be seen by the statement of facts set out on pages five and six of the record, on January 18, 1909, McKee sold Scott a pair of mules, expressly retaining title until the purchase price was paid;

the purchase price was never paid; on March 1, 1909, the same year, Scott gave a deed of trust on the two mules, J. D. Robinson being the beneciary and R. P. Mitchell, trustee. Scott remained in possession of the stock for a period longer than three years after giving this deed of trust.

Section 4777, *supra,* provides that when a vendee has "so remained in possession" that his purchaser receives a good title, "so remaining in possession" referring to the three years limitation. In the case at bar, Scott, the vendee, had not so remained in possession three years as the statute contemplates when he parted from the title by giving the deed of trust; in fact he had only "so remained in possession" for a period of less than a month and a half. At the time he gave the deed of trust he held absolutely no title, evidently he could not transfer a title that did not vest in himself. It is true that after giving this deed of trust had he then acquired a title it would have accrued to the benefit of the mortgagee, but he never did acquire the title, no benefit whatever accrued to Scott by remaining in possession for a period of three years, and the mortgagee could never under any circumstances, acquire a better title than was held by Scott.

It is unreasonable to say that the mortgagee, on the last day of February, 1912, lacking one day of being three years from the date of his deed of trust, had absolutely no title or claim to the property, and that on March 1, 1912, one day later, and three years from the date of the deed of trust that he came into absolute ownership of this property without doing a single act. If this deed of trust was void at the time it was given, the lapse of time could not change its *status.*

Section 4777, *supra,* is written in our law to prevent fraud being perpetrated on innocent purchasers, it provides that after a person had remained in possession of personal property for three years that he is presumed

by the world to own it; he has been in possession so long that he cannot be said not to own it, for to make such a claim would perpetrate fraud on an innocent purchaser for value. All of our statutes of limitations are based on the same theory, ten years adverse possession gives a person a good title to real estate, three years bars a claim on open account, etc. The theory and the intent of the law being to place some stated period, after which time, certain things are presumed to have been done.

In the case at bar Scott was presumed to be the owner of the stock in question after he had been in possession for three years. Why this presumption? Simply to protect purchasers buying from him, from being fraudulently dealt with. The only title appellee claims is derived from this presumption, he admits in the statement of facts that Scott never paid the appellant for them. How then can he claim title when his vendor, Scott, never did have title?

*R. P. Mitchell,* for appellee.

There is a long line of decisions on this point in our state, uniformly holding that three years' actual possession of personal property gives a full and complete title, so far as innocent purchasers and creditors are concerned, even though the sale by the original vendor was *bona fides,* and utterly without fraud. Fraud is not essential to this doctrine, as will be clearly shown by a study of the cases decided. I cite your honors to the following: *Lewis & Nichols* v. *Gilmer,* 3 Smedes & Marshall 560; *Roach* v. *Anderson,* 28 Miss. 234; *Jennings* v. *Wilson,* 14 So. 259; *Quin* v. *Mosler Safe Company,* 21 So. 303; *Young* v. *Salley,* 35 So. 571; *Paine* v. *Hall's Safe & Lock Company,* 1 So. 56; *Ketchum* v. *Brennan,* 53 Miss. 596.

A significant fact is that, in all the cases cited in brief of counsel for appellant, there is not a single reference

to any of those cited above. Clearly showing that the line of decisions cited above establish a totally different point of law, from those cited in brief for appellant, which point is not involved in the case at bar.

Opposing counsel raises the question in his brief as to whether the original vendee could give a good title to these mules to his purchaser, or not, not having that title in himself at the time, and whether, or not, that title, by any possibility, could become absolute. He contends that, by section 4777, *supra,* that "possession shall have remained in vendee for the period of three years" before the original vendee can be given a valid title to his purchasers or creditors.

Certainly, if your honors please, we admit that, after the original vendee shall have "So remained in possession" for the stipulated period, his purchaser acquires a good title. In this case at bar, the vendee had so remained in possession for the allotted time—January, 15, 1909 to March 1, 1913—and, granting that he could give no title at the time he gave the deed of trust, there was no affirmative act necessary on his part to vest a good title in him at the expiration of the three years, so far as his purchasers and creditors were concerned, but that title became absolute in him if, in the meantime, his vendor had, through negligence, failed to protect his rights by having the sale duly proved or acknowledged and recorded, as provided by the statute, merely by operation of law. And, we submit, if the court please, when, at the end of the allotted three years, this title became, by operation of law, absolute in him, there was neither any affirmative act necessary on the part of his creditors or purchasers to vest title in them, but that they received a good and valid title for the same reason, and by the same act. *Mask & Stevenson* v. *Allen,* 17 So 82.

Now, may it please the court, in the light of this case, just cited, *supra,* we do not see that there is a

single point that can be relied on in defense of the stand taken by appellants in the case at bar. It is evident, from the case, *supra,* that the time when the conveyance is made to the purchaser by the original vendee, is immaterial in so far as the third person is concerned; and the above case clearly shows that, no matter whether the original vendee had a good title at the time of conveying to purchaser, or not, by operation of law, that title is made absolute at the expiration of the period of limitation, and therefore, is made absolute in the trustee at the same time, and for the same reason. This case, *supra,* is the last on this point that has ever been before the supreme court of Mississippi, but it is connected by citations, with all the cases cited above, in support of my contention, and crowns a long line of decisions on this point. It stands absolutely uncontradicted in all the reports of the state, clearing the last doubtful point that can arise in the interpretation of section 4777, of the Code of Mississippi, 1906. For a fuller discussion of the doctrine I will respectfully cite your honors to 35 Cyc. 682; also note 15; 35 Cyc. 690 (Note 76).

Smith, C. J., delivered the opinion of the court.

The agreed statement of facts, which the reporter will set out in full, brings this case within the provisions of section 4777 of the Code.

*Affirmed.*