BRY BLOCK MERCANTILE CO. *v.* PADEN.*

(Division A.   Nov. 29, 1926.)

[110 So. 437.   No. 25888.]

SALES.  *For seller to recover goods conditionally sold under unrecorded contract from buyer without notice, action, as well as demand, in three years is necessary (Hemingway's Code, section 3121).*

Under Hemingway's Code, section 3121 (Code 1906, section 4777), seller, by unrecorded conditional sale contract, to recover article sold from buyer without notice from original buyer, there must

be action, as well as demand, within three years, in view of conjunctive "and" in phrase "with-out demand made and pursued by due course of law."

*Corpus Juris-Cyc. References: Sales, 35 Cyc, p. 697, n. 21.

APPEAL from circuit court of Bolivar county.

HON. W. A. ALCORN, JR., Judge.

Action by the Bry Block Mercantile Company against F. G. Paden. Judgment for defendant, on appeal from a justice of the peace, and plaintiff appeals. Affirmed.

*Clark, Roberts & Hallam,* for appellant.

This appeal must be decided by a construction of section 3121, Hemingway's Code. There can be no question but that this statute was enacted for the benefit of purchasers of "goods and chattels," who purchased on the strength of continued possession of the seller and his predecessors in title for a period of time fixed at three years, and for the benefit of creditors who extended credit on the strength of this same possession. This is not a Statute of Limitations but a Statute of Frauds.

It would appear from *McKee* v. *Mitchell,* 109 Miss. 320, that Paden, the purchaser, if demand for the property had not been made prior to the three year period, would have become vested with an absolute title to the property; and if the statute is interpreted to mean that demand must both be made and pursued by due course of law within the three year period, then Paden would be vested with title because suit was not filed until some two months after the three-year period had run, although demand was made prior to the expiration of the three year period. See 25 R. C. L. 1018.

To construe the statute to mean that both the demand and the pursuing by due course of law, filing of the suit, must be done within the three-year period would lead in certain cases to an unreasonable result. *Hudnall* v. *Paine,* 21 So. 791 at 794; 25 R. C. L. 1022.

Under the facts of the present case the appellant has complied with the statute by making demand within the three-year period and by pursuing that demand with due course of law, within a reasonable time thereafter.

The appellant is entitled to have a reversal of the judgment.

*Marcus L. Kaufman* and *E. O. Sykes,* for appellee.

The court is called upon to construe section 3121, Hemingway's Code (section 4477, Code of 1906). This is a Statute of Frauds and puts the duty on a seller who reserves title to the property to do two things within three years. First, he must make a demand for his property; and, secondly, he must pursue this demand by due course of law. On his failure to comply with both of these requirements of the statute, the absolute property is with the possession. Nothing can be plainer than the simple language of the statute.

*McKee* v. *Mitchell,* 109 Miss. 320, is absolutely decisive of every question raised by appellant in this case save only that it does not decide that a suit must have been instituted also within the three-year period. The plain language of the statute requires this suit to be instituted within this time. The purpose and intent of the statute as well as its plain meaning would be nullified by changing this "and" into an "or." It would permit oral testimony to validate a claim under this statute. If this were true, it would not be a real Statute of Frauds.

Appellant could have protected his lien by recording it in the first instance. By the pursuit of due diligence he could have instituted this law suit within the three year period. He did neither, but waited until he was precluded by the statute from pursuing his claim. By virtue of his negligence in this matter, the absolute property of this machine, under the plain language of this statute, is vested in this appellee.

McGowen, J., delivered the opinion of the court.

This is a replevin suit from the circuit court of Bolivar county, wherein Bry Block Mercantile Company, on November 18, 1922, sold Albert Alexander a talking machine, retaining the title by written contract until the full amount of two hundred ninety-five dollars was paid. This written contract was never recorded. Alexander never made any other payment except the initial cash payment on delivery of the machine to him, and he retained possession thereof until May or June, 1923, when he delivered the machine to C. R. Pate as payment on a debt due by Alexander to Pate, and, without any notice of the claim of Bry Block Mercantile Company at any time theretofore, he traded the machine to the appellee, F. G. Paden, in 1924, receiving therefor a radio set. Paden was informed by Pate that the title was clear. Paden, the last vendee, retained possession of the talking machine until November the 11th, 1925, when the agent of Bry Block Mercantile Company, appellant here, located the machine in Paden's possession, and made demand for the machine. Paden asked for time to investigate, and, five or six days later, notified the appellant that he would decline to deliver the machine; and Bry Block Mercantile Company, in January, 1926, more than three years after Alexander first went into possession of the personal property, the talking machine, filed its suit in replevin in a court of a justice of the peace. The suit was appealed from the justice of the peace's court to the circuit court, tried on an agreed statement of facts before the circuit judge, who decided that the appellant, Bry Block Mercantile Company, was not entitled to the possession of the taking machine here involved.

We have before us the construction of section 3121, Hemingway's Code (section 4777, Code of 1906), which statute reads as follows:

"*Fraudulent Loans of Goods.*—And in like manner, where any loan of goods and chattels shall be pretended

to have been made to any person with whom, or those claiming under him, possession shall have remained for the space of three years without demand made and pursued by due course of law on the part of the pretended lender, or where any reservation or limitation shall be pretended to have been made of a use or property by way of condition, reversion, remainder, or otherwise in goods or chattels, the possession whereof shall have so remained in another for said time, the same shall be taken, as to the creditors and purchasers of the persons so remaining in possession, to be fraudulent within this statute, and that the absolute property is with the possession; unless such loan, reservation, or limitation of use or property were declared by will or by writing, proved or acknowledged, and filed for record.''

It will be seen that this talking machine remained in the possession of Alexander and his vendees for the space of more than three years before a suit was actually instituted to regain possession thereof by Bry Block Mercantile Company.

In the case of *McKee* v. *Mitchell,* 109 Miss. 320, 68 So. 468, it was decided that the possession of a remote vendee, holding under the first purchaser, where there is a reserved secret lien not recorded, and of which there is no notice to the subsequent vendee, is the possession of the original vendee; and that both the purchaser and his vendee, having retained possession of the personal property for more than three years, the transaction was within this Statute of Frauds.

In the instant case, demand having been made within the three-year period, the only question left open for decision is whether or not a suit also must be instituted within the three-year period. We must answer that question in the affirmative, because the words here to be construed, ''without demand made *and* pursued by due course of law on the part of the pretended lender,'' are connected by the conjunction *''and,''* which cannot be fairly construed to mean *or.* The demand must be made

and thereupon the proper proceeding at law instituted within the three years, or else the title of the original vendee and those claiming under him as to said pretended loan or secret lien will have become absolute, and the above section will apply thereto just as though demand had not been made. It is not enough to ˚make the demand within the three-year period, but the statute's language is that the demand must be made *and* due course of law pursued in order to avoid its rigor.

*Affirmed.*